FILED by _____ D.C.
ELECTRONIC

**Mar 3 2005**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRIC OF FLORIDA**

CASE NO. 04-22764-CIV-KING/O'SULLIVAN

MAC STUART,

       Plaintiff,

vs.

ASSOCIATION OF COMMUNITY
ORGANIZATIONS FOR REFORM NOW,
INC., d/b/a ACORN, an Arkansas
corporation,

       Defendant.

_____/

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

    Plaintiff, MAC STUART, ("STUART"), by and through his undersigned counsel, files

this, his Motion for Leave to File Amended Complaint pursuant to Rule 15(a), Fed.R.Civ.P.

    1.    On October 19, 2004, Plaintiff filed his Complaint seeking to redress the

deprivation of rights secured to Plaintiff, STUART, by the Florida Private Whistleblowers' Act of

1991, §§ 448.101-448.105, Florida Statutes (2004).

    2.    On November 1, 2004, Defendant, ASSOCIATION OF COMMUNITY

ORGANIZATIONS FOR REFORM NOW, INC., d/b/a ACORN, ("ACORN"), filed its Answer,

Affirmative Defenses, and Counter-Claims.

    3.    During the course of discovery,  it has been confirmed that prior to the termination

of the Plaintiff's employment,   he had provided a written complaint of Defendant's unlawful

activities to his employer specifically spelling out the unlawful use of tax exempt monies for

partisan political activity. During the depositions taken thus far in this case,  the decisionmakers

testified to having received Plaintiff's written complaint prior to his termination.  This provides the

Plaintiff with a cause of action under section 1 of the Florida Private Whistleblower's Act.

        4.        Plaintiff, STUART, seeks to amend his Complaint to add a count and the supporting

facts under section 1 of the Florida Private Whistleblower's Act, to wit: § 448.102(1), Fla. Stat.

        5.        It is, therefore, necessary to amend this Complaint to ensure that all the issues can

properly be litigated before this Court and is not a means for undue delay.

        6.        A copy of the proposed Amended Complaint is attached hereto as Exhibit "A".

        7.        The filing of the proposed amended complaint will not result in any delay and will

not require any modification of the pretrial deadlines.

        8.        Pursuant to Rule 7.1(A)(3)(a), S.D. Fla. L.R., counsel for Defendant, ACORN, has

been contacted and they objected to the granting of this Motion.

        **WHEREFORE**, Plaintiff, STUART, respectfully requests this Court to enter an Order

granting Plaintiff's, STUART, Motion for Leave to Amend his Complaint and having the proposed

amended complaint deemed filed.

## MEMORANDUM OF LAW

### I.  STANDARD

        Federal Rule of Civil Procedure 15(a) mandates that leave to amend a party's pleadings

"**shall** be freely granted when justice so requires." Carruthers v. BSA Advertising, Inc., 357 F.3d

1213, 1218 (11th Cir. 2004); see also Fed.R.Civ.Pro. 15(a) (emphasis added).  As set forth in

Fed.R.Civ.P. 15(a), there is a very liberal standard in deciding whether to grant leave to amend.

McKinley v. Kaplan, 177 F.3d 1253, 1257 (11th Cir. 1999).  Furthermore, "[i]n the absence of any

apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to

2

the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be 'freely given.'" Id. at 1258 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

> Pursuant to the Florida Private Whistleblowers' Act of 1991, § 448.102(1),
>
> An employer may not take any retaliatory personnel action against an employee because the employee has: (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.

F.S.A. § 448.102(1).  Prior to his firing, Plaintiff, STUART, threatened to disclose Defendant's, STUART, wrongdoings, such as racial discrimination, defamation of character, deliberate indifference, and the use of tax free monies for partisan political activity.  By sending the notice in writing to his employer, Plaintiff, STUART, brought the illegal activity to their attention and afforded Defendant, ACORN, a reasonable opportunity to correct its illegal practices. During the discovery process,  the testimony elicited from Defendant's employees confirmed receipt of the written notice and thus provides the Plaintiff with a good faith basis to allege this claim via an Amended Complaint.

## CONCLUSION

Based on the foregoing Plaintiff's, STUART, motion for leave to amend should be granted.

Dated: March 3 , 2005

3

Respectfully submitted,

ROTHSTEIN ROSENFELDT ADLER
**Counsel to Plaintiff**
300 Las Olas Place
300 S.E. 2nd Street, Suite 860
Fort Lauderdale, Florida  33301
TEL:  (954) 522-3456
FAX:  (954) 527-8663
srosenfeldt@rrdplaw.com
mpancier@rrdplaw.com


By:  /s/ Michael A. Pancier, Esq.
     Stuart A. Rosenfeldt, Esq.
     Florida Bar No.: 316113
     Michael A. Pancier, Esq.
     Florida Bar No. 958484


<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered, by mail, this 3rd day of March, 2005, to Faith E. Gay, Esq. and Brian H. Koch, Esq. White & Case LLP Wachovia Financial Center Suite 4900 200 South Biscayne Blvd., Miami, FL 33131

ROTHSTEIN ROSENFELDT ADLER


By:  /s/ Michael A. Pancier, Esq.
     Stuart A. Rosenfeldt, Esq.
     Florida Bar No.: 316113
     Michael A. Pancier, Esq.
     Florida Bar No. 958484

H:\swrdocs\04-9406\Mtn to Amend Complaint.doc

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRIC OF FLORIDA**

CASE NO. 04-22764-CIV-KING/O'SULLIVAN

MAC STUART,

      Plaintiff,

vs.

ASSOCIATION OF COMMUNITY
ORGANIZATIONS FOR REFORM NOW,
INC., d/b/a ACORN, an Arkansas
corporation,

      Defendant.

_____/

(Proposed)
**AMENDED COMPLIANT**

Plaintiff, MAC STUART, ("STUART"), by and through his undersigned counsel, files this,

Complaint against Defendant, ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR

REFORM NOW, INC., d/b/a ACORN, ("ACORN"), and states as follows:

**INTRODUCTION**

    1.     This is an action for injunctive relief and monetary damages in excess of seventy-

five thousand dollars ($75,000.00) by a former employee of Defendant, ACORN, to redress the

deprivation of rights secured to Plaintiff, STUART, by the Florida Private Whistleblowers' Act of

1991, §§ 448.101-448.105, Florida Statutes (2004).

**JURISDICTION**

    2.     This is an action for monetary damages in excess of seventy-five thousand dollars

($75,000.00) exclusive of interest, attorneys' fees, and costs.

    3.     Plaintiff is a resident of Miami-Dade County, Florida.

1

4.      Defendant is an Arkansas Corporation with its principal place of business located in New Orleans, Louisiana.

5.      Accordingly, this Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a).

## VENUE

6.      Venue is appropriate in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(a)(2), (c) based upon the following:

      a.      § 448.103(1)(b), Florida Statutes, which permits any civil action authorized under the Florida Whistleblowers' Act to be brought in the county in which the alleged retaliatory personnel action occurred, in which the complainant resides, or in which the employer has its principal place of business;

      b.      Plaintiff is a resident of Miami-Dade County, Florida;

      c.      The retaliatory personnel action occurred in Miami-Dade County, Florida; and

      d.      Defendant, ACORN, was and continues to be a foreign corporation doing business in this judicial district.

## PARTIES

7.      At all times material hereto, Plaintiff, STUART, was and continues to be a resident of Miami-Dade County, Florida.

8.      At all times material hereto, Plaintiff, STUART, was an employee or former employee of Defendant, ACORN.

9.      At all times material hereto, Plaintiff, STUART, was an "employee" within the meaning of the Florida Whistleblowers' Act, § 448.101(3), Florida Statutes (2004).

2

10.      At all time material hereto, Defendant, ACORN, was and continues to be a corporation incorporated under the laws of the State of Arkansas, authorized to do business in Miami-Dade County, Florida, and doing business at 1308 West Flagler Street, Miami, Miami-Dade County, Florida.

11.      At all times material hereto, Defendant, ACORN, employed ten or more persons.

12.      At all times material hereto, Defendant, ACORN, was and continues to be an "employer" within the meaning of the Florida Whistleblowers' Act, § 448.101(3), Florida Statutes (2004).

### STATEMENT OF FACTS

13.      ACORN has been a driving force in the efforts to have a Minimum Wage Initiative placed on the ballot in Florida in the November 2, 2004 election.  ACORN supports raising the minimum wage in the State of Florida to $6.15 per hour for qualified employees, which is $1.00 per hour higher than the minimum wage proscribed by Congress in section 6 of the Fair Labor Standards Act, 29 U.S.C. § 206, *et seq*.  Ironically, ACORN has been sued in the State of California for failing to pay its own employees minimum wages.

14.      In its efforts to have the Minimum Wage Initiative placed on Florida's November ballot, ACORN hired Petitioners; individuals whose job duties included soliciting individuals in the State of Florida to sign a petition seeking the addition of the Minimum Wage Initiative on the ballot.

15.      Additionally, ACORN's Petitioners were required, as part of their job duties, to ascertain whether individuals it came into contact with while soliciting signatures were registered to vote in this State.  If ACORN's Petitioners encountered individuals who were not registered to vote in Florida, ACORN required its Petitioners to have the non-registered voters complete a Florida Voter's Registration Application and further required that its Petitioners represent to the Applicants that their completed Voter's Registration Applications would be filed with an authorized agency.

3

16.     ACORN paid its Petitioners remuneration separate and apart from their wages for their efforts in soliciting voter registrations.  ACORN paid $2.00 for each completed registration card.  The remuneration ACORN paid to its Petitioners was based upon the number of voters each was able to obtain.

17.     Moreover, ACORN copied and sold the Voter's Registration Applications that were obtained by its Petitioner's and other employees to America Families United in Washington, D.C., a Section 501(C)(3) Foundation associated with organized labor; for a price that exceeded the amount it paid its Petitioners.

18.     On July 27, 2004 Florida's Secretary of State validated more than 570,000 petition signatures from what were purported to be all citizens of the State of Florida obtained, in large part, by ACORN.  This validation qualified the Minimum Wage Initiative to appear on Florida's November 2, 2004 ballot.

19.     In or about November 2003, Plaintiff, STUART, was hired by Defendant, ACORN, as a Petitioner in Defendant's minimum wage campaign.

20.      At the time of his hire Plaintiff was supervised by Mathew Bessart.

21.     After working for Defendant for approximately two months, Plaintiff was promoted to the position of Community Organizer and Director of Voter Registration.

22.     During his employment with Defendant, Plaintiff became aware that the organization was engaging in conduct which was in violation of law, rule, and/or regulation.  More specifically, during his employment Plaintiff became aware that Defendant was:

      a.     violating § 104.012(3), Fla. Stat., by offering remuneration to its employees which was based upon the number of registrations obtained;

      b.     violating § 104.012(4), Fla. Stat. and committing fraud, by refraining from delivering completed voter registration applications of individuals that

4

designated "Republican" as their party affiliation (thus defrauding unwitting, potential voters into believing they had, in fact, registered to vote);

c.      violating § 97.0585(2), Fla. Stat., by copying and distributing Voter Registration Applications that were in its possession, and doing so for a profit;

d.      violating § 104.185, Fla. Stat., by knowingly and intentionally causing false information to be placed on petitions; and

e.      violating § 97.041, Fla. Stat., by obtaining and submitting completed Voter's Registration Applications which were prepared by individuals (i.e., convicted felons whose civil rights had not been restored) who were not qualified to apply to vote in this State.

20.      Upon information and belief, the conduct of ACORN described above as a pattern and practice which was conducted nationwide, especially its fraudulent withholding of Republican Voter Registrations and its use of unlawful means to incentivize its Petitioners to gather voter registrations.

21.      On or about July 27, 2004, Plaintiff objected to and refused to participate in Defendant's conduct which was in violation of law, rule, and/or regulation.

22.      In August 2004, prior to being fired, Plaintiff, STUART, threatened to disclose Defendant's, ACORN, wrongdoings, including, but not limited to, the use of tax free monies for partisan political activity and sent Defendant written notice of these illegal activities. A copy of the written notice is attached hereto as Exhibit "A".

23.      The notice also set forth that Florida ACORN, Project Vote, and its designated agents acting under the color of law, violated numerous moral and ethical codes regarding the minimum wage campaign and the voter registration project as well as misappropriation of grant

5

money. Shortly after receiving this notice from the Plaintiff, Defendant terminated Plaintiff's employment.

24.     Defendant retaliated against Plaintiff for objecting to and refusing to participate in Defendant's unlawful conduct and for threatening to disclose Defendant's wrongdoings by terminating Plaintiff's employment under the pretext that he had attempted to cash a check which did not belong to him.

25.     Defendant's, ACORN, acts and/or omissions as set forth in this Complaint constitute conduct on the part of the Defendant which was willful, wanton, and malicious, demonstrating a knowing and/or reckless disregard for the rights of others, including Plaintiff, STUART.

26.     Further, Defendant's, ACORN, acts and/or omissions as set forth in this Complaint constitute conduct on the part of Defendant which demonstrates a malicious and/or reckless indifference to the protected rights of others, including Plaintiff, STUART, to object to or refuse to participate in conduct which an employee knows to violate a law, rule, or regulation pursuant to §§ 448.102(1) and 448.102(3), Florida Statutes.

27.     Plaintiff has retained the law firm of ROTHSTEIN ROSENFELDT ADLER to represent him in this litigation and the firm is entitled to be paid a reasonable fee for its services

**STATEMENT OF CLAIMS**

**COUNT I - VIOLATION OF THE FLORIDA WHISTLEBLOWERS' ACT OF 1991
SECTION 448.102(1)**

Plaintiff, STUART, realleges and reavers paragraphs 1 through 27 of this Amended Complaint as if fully set forth herein.

28.     Plaintiff, STUART, threatened to disclose Defendant's, ACORN, use of tax free monies for partisan political activity.

6

29.     Plaintiff, STUART, sent a Defendant, ACORN, written notice advising them of the unlawful activity which afforded ACORN a reasonable opportunity to correct its wrongdoings, including, but not limited to, the misappropriation of grant money and the use of tax free monies for partisan political purposes.

30.     Defendant, ACORN, wrongly terminated Plaintiff's, STUART, employment in retaliation for Plaintiff's actions, protected by § 448.102(1), Fla. Stat.

31.     Defendant's, ACORN, unlawful employment actions towards Plaintiff, STUART, employment constitute retaliatory personnel actions within the meaning of § 448.102(1), Florida Statutes (2004).

32.     As a direct and proximate result of Defendant's, ACORN, unlawful and willful actions as set forth above, Plaintiff, STUART, has suffered damages and will continue to suffer damages in the future, including, but not limited to:

    a.     Loss of past and future income;

    b.     Loss of other fringe benefits;

    c.     Stress, anxiety, and emotional distress; and

    d.     Other financial losses.

33.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs, and expenses related to this litigation pursuant to § 448.104, Florida Statutes (2004).

**WHEREFORE**, Plaintiff, STUART, respectfully requests that judgment be entered in his favor against Defendant, ACORN:

    a.     Permanently enjoining Defendant, its agents, and its employees, from pursuing and continuing to pursue its unlawful retaliatory employment practices;

7

b.      Awarding Plaintiff front pay in lieu of reinstatement since Plaintiff is

unwilling to work for an entity which practices hypocrisy;

c.      Awarding Plaintiff actual and consequential damages, plus interest;

d.      Awarding Plaintiff compensatory damages for pain, suffering, and

humiliation;

e.      Awarding Plaintiff prejudgment interest and post judgment interest;

f.      Awarding Plaintiff reasonable attorneys' fees, costs, and expenses related to

the litigation to which he is entitled pursuant to § 448.104, Florida Statutes,

(2004); and

g.      Awarding Plaintiff any other and further relief that this Court may deem just

and proper.

## COUNT II - VIOLATION OF THE FLORIDA WHISTLEBLOWERS' ACT OF 1991
## SECTION 448.102(3)

Plaintiff, STUART, realleges and reavers paragraphs 1 through 27 of this Complaint as if

fully set forth herein.

34.     Defendant, ACORN, falsely accused Plaintiff of engaging in unlawful conduct

and terminated Plaintiff's, STUART, employment in retaliation for Plaintiff's participation in

conduct protected by § 448.102(3), Fla. Stat. and objecting to and refusing to participate in

Defendant's conduct which was in violation of law, rule, and/or regulation, as set forth more

specifically herein.

35.     Defendant's, ACORN, unlawful employment actions towards Plaintiff, STUART,

employment constitute retaliatory personnel actions within the meaning of § 448.102(3), Florida

Statutes (2004).

36.     As a direct and proximate result of Defendant's, ACORN, unlawful and willful actions as set forth above, Plaintiff, STUART, has suffered damages and will continue to suffer damages in the future, including, but not limited to:

      a.     Loss of past and future income;

      b.     Loss of other fringe benefits;

      c.     Stress, anxiety, and emotional distress; and

      d.     Other financial losses.

37.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs, and expenses related to this litigation pursuant to § 448.104, Florida Statutes (2004).

**WHEREFORE**, Plaintiff, STUART, respectfully requests that judgment be entered in his favor against Defendant, ACORN:

      b.     Permanently enjoining Defendant, its agents, and its employees, from pursuing and continuing to pursue its unlawful retaliatory employment practices;

      b.     Awarding Plaintiff front pay in lieu of reinstatement since Plaintiff is unwilling to work for an entity which practices hypocrisy;

      c.     Awarding Plaintiff actual and consequential damages, plus interest;

      d.     Awarding Plaintiff compensatory damages for pain, suffering, and humiliation;

      e.     Awarding Plaintiff prejudgment interest and post judgment interest;

      f.     Awarding Plaintiff reasonable attorneys' fees, costs, and expenses related to the litigation to which he is entitled pursuant to § 448.104, Florida Statutes, (2004); and

9

g.     Awarding Plaintiff any other and further relief that this Court may deem just

and proper.

## JURY DEMAND

Plaintiff, STUART, demands trial by jury on all issues so triable as of right by jury.

Dated this 3rd day of March, 2005.

Respectfully submitted,

ROTHSTEIN ROSENFELDT ADLER
**Counsel to Plaintiff**
300 Las Olas Place
300 S.E. 2nd Street
Suite 860
Fort Lauderdale, Florida  33301
TEL:  (954) 522-3456
FAX:  (954) 527-8663


By:_____/s/ Stuart A. Rosenfeldt, Esq.
        Stuart A. Rosenfeldt, Esq.
        Florida Bar No.: 316113

        Michael A. Pancier, Esq.
        Florida Bar No> 958484


**H:\swrdocs\04-9406\Pleadings\Amended Complaint.doc**

10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRIC OF FLORIDA**
CASE NO. 04-22764-CIV-KING/O'SULLIVAN

MAC STUART,

     Plaintiff,

vs.

ASSOCIATION OF COMMUNITY
ORGANIZATIONS FOR REFORM NOW,
INC., d/b/a ACORN, an Arkansas
corporation,

     Defendant.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

This Cause came before the Court upon the Plaintiff's Motion for Leave to File an Amended Complaint.

The Court has considered the motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Plaintiff's motion shall be **GRANTED.** The proposed Amended Complaint attached to the motion is deemed filed. Defendant shall have_____days within which to respond to the Amended Complaint.

Done and Ordered in Chambers at Miami-Dade County, Florida this_____day of March 2005.

 

_____
SENIOR UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:    Stuart A. Rosenfeldt, Esq. (Fax No. 954-527-8663)
       Brian H. Koch, Esq. (Fax No. 305-358-5744)